**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-00005-SKC-STV

ARTURO BURGUENO,

Plaintiff,

v.

ALTERRA MOUNTAIN COMPANY U.S. INC.;
INTRAWEST/WINTER PARK OPERATIONS CORPORATION; and
EMILY FRAME,

Defendants.

---

**PROPOSED AMENDED PROTECTIVE ORDER**

---

Pursuant to the Joint Motion for Protective Order submitted by the Parties, the Court hereby grants the motion and orders as follows:

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Amended Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories,

responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Amended Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and 45. This Amended Protective Order applies to information produced by any party or nonparty that is properly marked as "Confidential" and/or "Confidential Information" as explained below. A draft or non-identical copy is a separate document within the meaning of this term.

3. "Confidential" and/or "Confidential Information" shall mean information or items (regardless of how it is generated, stored, or maintained) or tangible things that the party seeking protection ("Designating Party") reasonably and in good faith believes to contain trade secrets; confidential or proprietary information; health information (including individually identifiable health information, as that term is defined in the Health Insurance Portability and Accountability Act and the supporting regulations), including patient names and patient likenesses; tax and financial information; and other non-public information that is entitled to confidential treatment under the applicable law. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. The Designating Party, who in good faith believes such documents or information are Confidential (as defined above), may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Amended Protective Order.

5. Confidential Material shall be subject to the following restrictions. Confidential Material shall be used for the purpose of preparing for and conducting this civil action (including

any appeals), and shall not, without the consent of the party producing it or further order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

a) attorneys working on this case;

b) persons employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

c) the parties and their employees, representatives, and insurers directly involved in the case or making decisions regarding the case;

d) expert witnesses, mock jurors, and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

e) the Court and its employees ("Court Personnel");

f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g) deponents, witnesses, or potential witnesses; and

h) and other persons by written agreement of the parties.

6. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Amended Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. This Amended Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication

of the information covered by this Amended Protective Order – other than as permitted herein, is prohibited.

8. Counsel to the parties are required to advise, instruct, and supervise all experts, associates, staff, and employees of counsel to keep designated Confidential Material Confidential. Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this Order and the limitations on its use and disclosure.

9. Documents (paper or electronic) may be designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." If an electronic document is unable to be designated on the document itself, the file name containing the document shall include the term "CONFIDENTIAL."

10. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof may be designated as Confidential and subject to this Amended Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

11. Any party may object to the designation of particular documents or portions of depositions as Confidential by giving written notice to the party designating the disputed

information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the Designating Party to file an appropriate motion, or initiate a discovery dispute hearing pursuant to the Court's procedures, requesting that the Court determine whether the disputed information should be subject to the terms of this Amended Protective Order. If such a motion or discovery dispute hearing is timely filed or initiated, the disputed information shall be treated as Confidential under the terms of this Amended Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion or initiate a discovery dispute hearing within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with any motion filed or hearing held under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. The termination of this action shall not relieve any counsel, party, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to the Amended Protective Order. The terms and conditions in this Protective Order survive the termination of this litigation.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Notwithstanding this, counsel may

retain a copy of all documents in their files pursuant to the Colorado Rules of Professional Responsibility. Those copies shall remain subject to the provisions of this Amended Protective Order.

14. A party contemplating filing Confidential Material protected by this Amended Protective Order with the Court shall either redact the Confidential Information or, if the information must be seen by the Court, shall restrict public access.

15. This Amended Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16. Nothing in this Amended Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper.

Dated this _____ day of ____________, 2026.

BY THE COURT:

______________________________________
United States Magistrate Judge